**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **KEITH WAYNE ROBERTSON #514621** | **CIVIL ACTION NO. 24-00275 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **NOLEN BASS ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned are cross motions for summary judgment filed by Keith Robertson ("Robertson") [doc. #43] and by Warden Nolen Bass ("Bass") and Assistant Warden Johnson ("Johnson") (collectively, "Defendants") [doc. #45].

For the reasons assigned below, **IT IS RECOMMENDED** that Robertson's Motion for Summary Judgment [doc. #43] be **DENIED**. **IT IS FUTHER RECOMMENDED** that Defendants' Motion for Summary Judgment [doc. #45] be **GRANTED**.

## I. BACKGROUND

Robertson, a prisoner at the Tensas Parish Detention Center ("TPDC"), filed a *pro se*, *in forma pauperis* civil rights Complaint under 42 U.S.C. § 1983 on February 23, 2024. [doc. #1]. Robertson claims in his pleadings that he was subjected to unsanitary conditions at TPDC during his incarceration stemming from water shut-offs and sewer line disruptions. [docs. # 1, 7]. Robertson has additionally raised claims that he has been intimidated by deputies within TPDC, including an allegation that "Deputy Temple" brandished a knife at him while he was in bed. [docs. 16, 21]. Robertson also claims that TPDC employs an insufficient number of male deputies, which has led to unsafe conditions because fights are "continual," and female deputies

are "unable to control" the male inmates without deploying mace and thereby exacerbating inmates' vision and breathing issues allegedly brought on by the unsanitary conditions. [doc. #22].

On October 24, 2025, Robertson filed a Motion for Summary Judgment. [doc. #43]. Robertson then filed a memorandum in support of this motion on November 10, 2025. [doc. #47]. Defendants opposed Robertson's motion arguing that it is insufficient under the Federal Rules of Civil Procedure as well as the local rules. [doc. #48].

Defendants filed their own Motion for Summary Judgment on October 30, 2025. [doc. #45]. Defendants assert that Robertson's claims must be dismissed for failing to exhaust his administrative remedies prior to filing suit. *Id*. In support, Defendants attached the relevant policy of TPDC as well as the records of all grievances filed through the process in the years 2023 and 2024. [docs. #45-4, 45-5]. Robertson did not file an opposition to Defendants' motion, and the time to do so has elapsed.

Accordingly, the matters are now ripe.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(b). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support his claim, summary judgment is appropriate. *Id*. "No genuine issue of material fact exists if the summary-judgment evidence is such that no reasonable juror could find in favor of the nonmovant." *Jenkins v. Methodist Hosp. of Dallas, Inc.*, 478 F.3d 255, 260 (5th Cir. 2007) (citation omitted).

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in his favor. *Anderson*, 477 U.S. at 255. While courts will "resolve factual controversies in favor of the non-moving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-323. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, he must establish "beyond peradventure all of the essential elements of the claim . . . to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish his right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 14 F.3d 52 (5th Cir. 1993).

**B. <u>Defendants' Motion for Summary Judgment</u>**

Defendants' sole argument in their Motion for Summary Judgment is that Robertson cannot pursue his civil rights claims against them because he failed to exhaust his administrative remedies prior to filing the instant suit. [doc. #45]. Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citations omitted). All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 Fed. App'x. 933, 934 (5th Cir. 2009) (citing *Woodford*, 548 U.S. at 89-93). An "untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the exhaustion requirement. *Id*.

Exhaustion is an affirmative defense; thus, the burden is on defendant to establish that plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266

(5th Cir. 2010). If the court considers evidence beyond the pleadings to resolve the exhaustion issue, then the nonmoving party is entitled to the protections of Rule 56. *Id*.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). In addition, exhaustion applies to claims brought against defendants in their official and/or individual capacities. *See*, *e.g.*, *Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas*, 76 Fed. App'x. 564 (5th Cir. 2003).

If required by the terms of the prison's grievance procedures, a prisoner must exhaust all steps of a grievance process even if the prison fails to respond to his grievances at an earlier step in the process. *See Wilson v. Epps*, 776 F.3d 296, 302 (5th Cir. 2015) (plaintiff failed to proceed through all three steps of the grievance process; instead, he completed only the first step, and then filed suit when those grievances were not responded to in a timely fashion); *Cowart v. Erwin*, 837 F.3d 444, 452 (5th Cir. 2016) (because grievance policy did not require plaintiff to object when he failed to receive a response to his initial grievance, he was not required to proceed to the additional steps of the process). Moreover, to the extent that language on the form or policy regarding subsequent step review is phrased in discretionary rather than mandatory terms, the prisoner still must exhaust all "available" steps. *Ates v. St. Tammany Par.*, 2014 WL 1457777 (E.D. La. Apr. 15, 2014) (and cases cited therein); *see also Hicks v. Lingle*, 370 F. App'x. 497, 499 (5th Cir. 2010) (inmate required to proceed to second step even though procedure said only that inmate "may appeal" if dissatisfied with first step response); *Wilson*, 776 F.3d at 300 (finding that plaintiff failed to exhaust subsequent steps of grievance process even though procedure was phrased permissively as, "may request," and "may appeal"). In

short, the courts "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

In 2016, the Supreme Court explained that, "[u]nder § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016). The Court, looking to dictionary definitions of "available," concluded that an inmate is "required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id*. (citations omitted).

The Court recognized three circumstances where an inmate's duty to exhaust administrative remedies may be excused or deemed "unavailable." *Id*. First, an administrative procedure is unavailable where officers consistently are unable or unwilling to provide relief to aggrieved inmates. *Id*. at 643 (citation omitted). Second, exhaustion is not required where an administrative scheme is so opaque that it is unknowable in the sense that no ordinary prisoner can discern its requirements. *Id*. at 644. Finally, the administrative process is rendered unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*.

The Fifth Circuit consistently has held that an inmate's ignorance of a prison's grievance procedures does not excuse his noncompliance. *Aguirre v. Dyer*, 233 Fed. App'x. 365 (5th Cir. 2007) (citation omitted); *Simkins v. Bridges*, 350 Fed. App'x. 952, 953-954 (5th Cir. 2009) (citation omitted); *Plaisance v. Cain*, 374 Fed. App'x. 560, 561 (5th Cir. 2010) (citation omitted). Nonetheless, inmates should have "avenues for discovering the procedural rules governing their grievances." *Dillon*, 596 F.3d at 268 (citations omitted). When an inmate has no means of verifying the administrative grievance process, then misleading information by prison

officials may make remedies unavailable. *Id*. Nonetheless, "[i]f impediments to filing grievances render remedies unavailable at one facility, remedies may become available again once a prisoner has been transferred, unless there are other problems at the new facility." *Id*. at 267-268 (citing *Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir. 2008)).

As his initial Complaint makes clear, Robertson did not file a grievance with TPDC prior to his lawsuit. [doc. #1, p.2]. Robertson further asserts that TPDC does not have a grievance procedure which he could have utilized. *Id*. However, as Defendants noted in their Motion, this is demonstrably false. [doc. #45]. Defendants included the internal grievance procedure utilized by TPDC as it existed in November 2023, which confirms that, at the time of Robertson's initial complaint, TPDC did have a written policy. [doc. #45-4].

However, even if a policy were in existence at the time of the injury a prisoner need only exhaust this remedy if it is actually available to him. *Ross*, 578 U.S. at 642. Here, not only did Defendants include the written policy, but the grievances which had been filed by all inmates for the years referenced in Robertson's complaints.[1] [doc. #45-5]. These records indicate not only that Robertson failed to utilize the grievance process himself, but that the process was accessible to inmates during the period which Robertson asserts he suffered his injury. Therefore, as the record stands, the grievance process and its remedies were not "so opaque" that an ordinary prisoner would be unable to discern them. Additionally, these same documents provide the remedial measures which were taken as a result of the grievance. While the specifics of the

[1] The grievance logs provided by Defendants covered not only the times which Robertson alleged there was insufficient access to running water but the additional incidents Robertson raised in later complaints, including the macing of inmates by female deputies and the brandishing of a weapon by a deputy.

remedies have been redacted, there is no dispute as to whether relief was provided to inmates who utilized the grievance policy. [doc. #45-5].

Finally, the Court has no evidence to support the contention that the grievance process would have been unavailable to Robertson because of intimidation. While Robertson does assert in at least one of his complaints that Deputy Temple brandished a knife while "cutting lines" as a means of intimidation, there are no allegations of intimidation related to the grievance process or Robertson's attempts to access it. Thus, even assuming the facts of that particular incident as Robertson described them as true[2], this would still be insufficient to demonstrate the unavailability of the grievance policy such that the exhaustion requirement would be excused.

Therefore, Robertson has failed to exhaust his administrative remedies as required under the PLRA. Accordingly, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment [doc. #45] be **GRANTED**.

### C. Robertson's Motion for Summary Judgment

Roberson also filed his own Motion for Summary Judgment, contending that he is entitled to judgment in his favor and against Defendants.

It is well-established that the pleadings of *pro se* litigants must be construed liberally and reviewed less stringently than those drafted by attorneys. *Thorn v. McGary*, 684 F. App'x 430, 432 (5th Cir. 2017) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, even *pro se* litigants must brief their arguments and they must also "comply with the rules of procedure and make arguments capable of withstanding [or demonstrating entitlement to] summary

[2] Robertson's Complaint appears to assert that Deputy Temple used an "11-inch" knife to "cut lines" when protocol was for the deputies to use a "handle [with] a little hook" for this purpose, leading to the possibility of injury or a "hostage standoff" which put Robertson in fear for his life. [doc. #21]. Robertson makes no claim that Deputy Temple made any threatening remarks, gestures, etc., to Robertson.

judgment." *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Thorn*, 684 F. App'x at 433 (quoting *Ogbodiegwu v. Wackenhut Corr Corp.*, 202 F.3d 265, 1999 WL 1131884, at *2 (5th Cir. 1999) (unpublished, per curiam)). Simply put, "self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *See Hulsey v. Tex.*, 929 F.2d 168, 171 (5th Cir. 1991) (quotations and citations omitted).

First, the undersigned has concluded that the undisputed evidence shows that Robertson has failed to exhaust his administrative remedies, and, thus, Defendants are entitled to summary judgment in their favor.

Second, even if Robertson could have shown that he exhausted his administrative remedies, he fails to carry his burden to demonstrate entitlement to summary judgment on any of his claims. Summary judgment is improper where the movant, who will bear the burden of proof and persuasion at trial, fails to "lay out the elements of its claims, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. National Retirement Fund*, 778 F.3d 593, 601-02 (7th Cir. 2015) (citations omitted).

Beyond technicalities, the purpose of the summary judgment procedure is for the Court to examine materials beyond the unsworn pleadings to determine whether one party wins on the merits, or whether there are any genuine issues to be resolved at trial. *See Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) ("[U]nsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to [ ] support or defeat a motion for summary judgment.") (internal quotation marks omitted). This Court may not enter judgment in favor of a party who merely relies on unsubstantiated or conclusory assertions that lack genuine substance. Robertson's "unsworn say-so" does not carry the day for summary

judgment. *Sencial v. Jefferson Par. Sheriff Joseph Lopinto*, No. 22-4235, 2025 LX 460589 at *12 (E.D. La. Sep. 26, 2025).

Accordingly, **IT IS RECOMMENDED** that Robertson's Motion for Summary Judgment be **DENIED**.[3]

## III. CONCLUSION

For the above assigned reasons,

**IT IS RECOMMENDED** that Robertson's Motion for Summary Judgment [doc. #43] be **DENIED**. **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment [doc. #45] be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Robertson's claims against Defendants be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under FED. R. CIV. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party,

[3] Defendants also contend that Robertson's motion fails to comply with Local Civil Rule 56.1, because he fails to include a separate—or any—statement of the material facts. However, that rule was amended. Robertson is required to identify material facts, but he is not required to have a separate statement of material facts. Given the conclusions herein, the undersigned need not address this procedural argument.

except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

In Chambers, at Monroe, Louisiana, on this 27th day of August, 2026.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE